**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CARLOS REYES-SALAZAR, ) | |
| ) | |
| Petitioner-Movant, ) | |
| ) | No.  03 C 8185 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Carlos Reyes-Salazar (the "Movant"), *pro se*, moves this Court pursuant to 28 U.S.C. § 2255 for relief from his current sentence based upon ineffective assistance of counsel.  On August 20, 2002, Movant pled guilty to illegally reentering the United States after previously being deported in contravention of 8 U.S.C. § 1326(a) and (b).  On November 26, 2002, the Movant was sentenced to seventy-seven months incarceration.  For the reasons stated below, the 2255 motion is DENIED.

### BACKGROUND

The Movant is a citizen of Mexico.  On September 20, 1999, he was convicted in the State of Illinois for aggravated battery, an aggravated felony, and possession of a controlled substance.  The Movant was sentenced to two years incarceration in the Illinois Department of Corrections.  On July 21, 2000, he was removed from the United States and advised that he was not allowed to return unless expressly authorized by the United States Attorney General.  On or about July 31, 2001 the Movant reentered the United States without the permission of the United States Attorney General.  On April 12, 2001, he was convicted of aggravated battery on a police

-1-

officer and possession of a controlled substance. He was subsequently sentenced to three years incarceration in the Illinois Department of Corrections. While on parole, the Movant was charged with illegally reentering the United States after previously being deported in contravention of 8 U.S.C. § 1326(a) and (b).

The Movant pled guilty to the charged offense on August 20, 2002. The sentencing hearing took place on November 26, 2002. Prior to that, Movant filed a motion entitled "Motion by Carlos Reyes-Salazar for Downward Departure from Guidelines with Sentencing Memorandum and Objections." He objected to the calculation of his criminal history as reported in the Presentence Report. At all relevant times in the federal proceedings, the Movant was represented by counsel. He did not appeal his sentence.[1]

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255, federal prisoners can challenge the imposition or length of their detention if their conviction or their sentence is based on an error that is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1995) (internal quotations and citations omitted). If the reviewing court determines that any such defect exists in the judgment or sentence, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

---

[1] Movant's failure to appeal his sentence based upon ineffective assistance of counsel does not procedurally bar his current 2255 motion. *Massaro v. United States*, 538 U.S. 500, 509 (2003); *McCleese v. United States*, 75 F.3d 1174, 1178 (7th Cir. 1996).

In addition, after reviewing the Movant's motion, the government's response, and any record of prior court proceedings, the court will determine whether an evidentiary hearing is required. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings. "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the [court] shall make an order of summary dismissal." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings; *see also Liss v. United States*, 915 F.2d 287, 290 (7th Cir. 1990).

## ANALYSIS

In order to succeed on his ineffective assistance of counsel claims, the Movant must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that this deficiency actually prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Movant must point out and make clear to this Court the specific acts or omissions forming the basis of his claims. *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995) (citing *Strickland*, 466 U.S. at 690). Finally, all circumstances must be evaluated to determine whether the alleged acts or omissions were made outside of the wide range of professionally competent assistance. *Id*. The Movant must show that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Therefore, Pointer bears a heavy burden to establish an ineffective assistance of counsel argument, as his counsel is presumed effective. *Trevino*, 60 F.3d at 338.

As can best be discerned from reading the Movant's unintelligible 2255 petition, the Movant asserts ineffective assistance of counsel in three separate claims. First, he claims his

counsel was ineffective because she failed to advise him of the correct sentence he could have received upon pleading guilty to the charged offense. Specifically, he claims that his counsel failed to inform him of the consequences of his state convictions and periods of incarceration on his federal sentence. Second, he argues that his counsel was ineffective because she failed to seek a downward sentencing departure for the Movant's inability to receive a partially concurrent sentence. Third, Movant claims that his counsel was ineffective because she did not appeal this Court's sentencing decision.

First, counsel was not ineffective in failing to seek a downward sentencing departure for the Movant's inability to receive a partially concurrent sentence. The record clearly shows that the Movant filed a motion entitled "Motion by Carlos Reyes-Salazar for Downward Departure from Guidelines with Sentencing Memorandum and Objections" on November 20, 2002. In that motion, the Movant presented two reasons for downward departure. The first argument was that the Government's delay in bringing prosecution unfairly precluded the Movant from serving a large amount of the federal sentence concurrently with the state sentence. The second reason offered concerned exceptional family circumstances and cultural assimilation to the United States. In addition to asking for a downward departure based on delay, the Movant's counsel explicitly stated the following to the Court at the sentencing hearing: "Now, I made it very clear to Carlos, and I also do say to this Court we understand that *his right to serve these sentences concurrently does not exist*." (Transcript, p.13.) Later in the proceeding this Court explained that due to the Movant's extensive criminal history, the Court was "not inclined to grant this motion for downward departure *on any basis*." (Transcript, p.18.) Therefore, even if Movant were to demonstrate that his counsel failed to ask for a downward departure based on his

inability to receive a partially concurrent sentence (which he obviously cannot), he cannot show actual prejudice given the Court's explicit and broad denial of a downward departure from the guidelines.

Second, the Movant's counsel was not ineffective for failing to advise him of the correct sentence he could have received upon pleading guilty to the charged offense such that his guilty plea was constitutionally defective. The Movant has not provided any evidence that shows that his counsel failed to convey all of the consequences of his plea to him. The Movant signed a written plea agreement acknowledging that he understood that pleading guilty made him eligible to receive a maximum penalty of 20 years with a maximum fine of $250,000. Also reflected in the plea agreement was the parties' understanding of the calculations under the applicable sentencing guidelines.

Also, during change of plea proceedings on August 20, 2002, Movant was given a clear and thorough recitation of all of his rights and the consequences of his plea, and clearly indicated that he understood the repercussions of a plea of guilty. Further, Movant indicated that his attorney clearly explained all of his rights to him. Movant has failed to produce any facts or circumstances that would indicate that his counsel was ineffective due to a failure to convey the consequences of a guilty plea. The record before the Court indicates that Movant plead guilty knowingly, voluntarily, and with an awareness of the consequences of that plea. Movant was fully apprised of all his rights; therefore his counsel did not commit any errors that would indicate that but for those decisions, Movant would have gone to trial. Therefore, Movant is not entitled to any relief on the claims that his guilty plea was involuntary and not made with an

understanding of the nature of all the consequences of a guilty plea due to the ineffective assistance of his counsel.

Lastly, Movant cannot show that his counsel was ineffective in not pursuing an appeal of this Court's sentencing determination. First, the Seventh Circuit has made clear that the general rule is that "discretionary decisions not to depart [from the sentencing guidelines] are not reviewable." *United States v. Egwaoje*, 335 F.3d 579, 588 (7th Cir. 2003) (citation omitted). An exception exists where it can be shown that the district court erroneously believed that it lacked the power to depart. *United States v. Hillman*, 141 F.3d 777, 780 (7th Cir. 1998). This Court explicitly based its decision to not depart from the sentencing guidelines because of the Movant's extensive criminal history and background, not an erroneous belief of lack of jurisdiction (despite what the Movant argues in his Petition). (Transcript, p. 18.)

Also, Movant's counsel clearly mentioned in the sentencing proceeding that the Court could depart based on cultural assimilation, thus there is no support for the Movant's assertion that the Court erroneously believed that it lacked the power to depart. (Transcript, p. 12.) The Movant misconstrues this Court's statement that regardless of whether the Court granted the departure, the Government was still going to deport the Movant as an admission that the Court believed it lacked the power to depart. That is not the case; the Court was merely digressing on the impact of granting a downward departure on the ultimate deportation of the Movant while explaining why the Government had a right to insert the Movant's criminal history into the factors relevant to the length of the sentence. (Transcript, p. 17.)

Therefore, there is no basis upon which Movant can claim that his counsel was ineffective for failure to appeal this Court's sentencing decision for two reasons. First, because

discretionary decisions not to depart from the sentencing guidelines are not generally reviewable, failure to appeal on this basis does not fall below an objective measure of effectiveness. Second, because the Court did not evince an erroneous belief of a lack of power to depart, the exception to the general rule that the departure decision is not subject to review is unavailable, and the Movant cannot possibly demonstrate actual prejudice from counsel's failure to appeal.

## CONCLUSION

This Court summarily dismisses this motion after having examined the 2255 motion, an accompanying petition, the Government's response, the attached exhibits, the transcripts of the sentencing hearing and the change of plea hearing, the plea agreement and several trial and post-trial motions. It plainly appears to this Court that the Movant's claims are without merit. Rule 4 of the Rules Governing 2255 Proceedings under the United States District Courts provides "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

Movant's Petition to Vacate, Set Aside, or Correct the Sentence is **DENIED**.

Enter:
/s/ David H. Coar
David H. Coar
United States District Judge

Dated: **August 15, 2007**